IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                   Crim. Case No. 6:14-cr-10101-JTM-1
                                   Civil Case No.  6:16-cv-01001-JTM

STEVEN LEE FRITTS,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on the defendant's motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Dkt. 47). For the reasons indicated below, the motion is denied.

Defendant's motion asserts that the sentencing court improperly enhanced his sentence using the residual clause of the career offender sentencing guideline, U.S.S.G. 4B1.2(a)(2). Dkt. 47 at 4. Defendant cited *Johnson v. United States*, 135 S.Ct. 2551 (2015), which found the nearly-identical residual clause of the Armed Career Criminal Act to be impermissibly vague under the Due Process Clause, and he argued the same rule must be applied to the career offender guideline.

The Supreme Court has now ruled that the advisory sentencing guidelines "are not subject to vagueness challenges under the Due Process Clause," and that the "residual clause in § 4B1.2(a)(2) therefore is not void for vagueness." *Beckles v. United States*, 137 S.Ct. 886, 890-92 (2017). Defendant's claim necessarily fails under the rule of

*Beckles,* as does his claim that his attorney was ineffective for failing to preserve the issue for appeal. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984) (ineffective assistance of counsel claim requires showing that counsel's performance fell below objective standard of reasonableness and resulted in prejudice).

**IT IS THEREFORE ORDERED** this 21st day of July, 2017, that defendant's Motion to Vacate Sentence under 28 U.S.C. § 2255 (Dkt. 47) is DENIED. The Government's Motion to Dismiss (Dkt. 62) is GRANTED.

Rule 11 of the Rules Governing Section 2255 Proceedings requires the court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Saiz v. Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (*quoting Tennard v. Dretke*, 542 U.S. 274, 282 (2004)). Because defendant fails to satisfy the applicable standard, the court denies a certificate of appealability.

＿＿s/ J. Thomas Marten＿＿＿＿
J. THOMAS MARTEN, JUDGE