IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
    Plaintiff,

v.                                                  Case No. 14-10101-1-JTM

STEVEN LEE FRITTS,
    Defendant.

**MEMORANDUM AND ORDER**

On May 4, 2020 the court received a letter from defendant Fritts seeking advice regarding how to contact his lawyer, or what other authority to contact regarding his request to be released three to four months early. (Dkt. 66). Although the letter is not styled as a motion and does not request any direct relief from the court other than assistance with contacting his attorney, Fritts does indicate in the letter "I'm looking for compassionate release."

The court cannot provide Fritts with legal advice. To the extent that Fritts's letter can be construed as a motion for compassionate release under 18 U.S.C. § 3582(c) or a motion or release under the Coronavirus Aid, Response, and Economic Security (CARES) Act, the court lacks jurisdiction to grant Fritts the relief requested.

18 U.S.C. § 3582(c)(1)(A) allows a prisoner to file a motion directly with the district court requesting compassionate relief based upon extraordinary and compelling circumstances, but requires that the defendant first exhaust all administrative remedies to appeal the Bureau of Prison's (BOP's) failure to bring a compassionate release motion on his behalf, or that the defendant wait until after expiration of 30 days from the

warden's receipt of such a request. *See* 18 U.S.C. § 3582(c); *United States v. Britton*, 2020 WL 2404969 at *3 (D. N.H. May 12, 2020) (discussing the two alternative avenues for exhaustion under § 3582(c) and characterizing the expiration of 30 days to be an "exception" to the traditional administrative appeal process). A defendant's failure to satisfy this prerequisite precludes the court from granting relief under section 3582(c). *United States v. Nash*, No. 19-40022-1-DDC, 2020 WL 1974305 at *2 (D. Kan. Apr. 24, 2020) ("[u]nless the defendant meets this exhaustion requirement, the court lacks jurisdiction to modify the sentence or grant relief") (quoting *United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019)). "[S]ound policy reasons support the requirement that defendant must first present to the BOP her request for a reduced sentence." *United States v. Read-Forbes*, CR 12-200999-01-KHV, 2020 WL 1888856 at *4 (D. Kan. Apr. 16, 2020) (noting that the BOP is in a better position to determine an inmate's medical needs, the specific risks of Covid-19 at the facility in question, the adequacy of a release plan, the danger to the community upon defendant's release, and to coordinate home confinement where appropriate). Fritts's letter does not indicate that he has pursued any sort of administrative remedy within the BOP to request early release. Because he has not satisfied this prerequisite requirement of section 3582(c)(1)(A), the court is without jurisdiction grant any type of compassionate release under that statute. *See id.* at *5.

To the extent that Fritts's letter could be construed as a request for extended home confinement under the CARES Act, the court similarly lacks jurisdiction to grant relief. The CARES Act expanded the BOP's existing discretion regarding home confinement by lengthening the maximum amount of time the Director is authorized to place an inmate

in home confinement prior to release. *See Nash*, 2020 WL 1974305 at *1 (citing CARES Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (2020)); *see also Furando v. Ortiz*, 2020 WL 1922357 at *2-3 (D. N.J. April 21, 2020) (detailing home confinement procedures established by the Attorney General and BOP under the CARES Act). Only the BOP, however, has the authority to order home confinement under the CARES Act. *See Nash*, 2020 WL 1974305, at *3 ("the CARES Act authorizes the BOP – not courts – to expand the use of home confinement"); *Boyles*, 2020 WL 1819887 at *2 n.10 (explaining the difference between the CARES Act grant of authority to the BOP to lengthen the duration of home confinement and the court's jurisdiction to reduce a sentence under 18 U.S.C. § 3582(c)). Even if Fritts suffers from chronic asthma, has an established release plan, and has exhibited good conduct within the BOP system, the court has no authority to require the BOP to release Fritts early to home confinement or halfway house placement.

Fritts's request for compassionate release or home confinement is consequently DENIED.

IT IS SO ORDERED this 25th day of June, 2020.

/s/ J. Thomas Marten
THE HONORABLE J. THOMAS MARTEN
UNITED STATES DISTRICT COURT